1
2
3
4
5
6
7

8                    **UNITED STATES DISTRICT COURT**

9                    **SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 10  UNITED STATES OF AMERICA, | CASE NO. 13CR668 WQH |
| 11                             Plaintiff, | ORDER |
| 12       vs.<br>ROBERT KHETHER MCKANY, | |
| 13                             Defendant. | |

14   HAYES, Judge:

15          The matter before the Court is the Defendant's request for the Court to vacate one

16   of his two convictions prior to sentencing.  (ECF No. 53 at 15).

17                          **BACKGROUND FACTS**

18          On February 20, 2013, the grand jury returned a seven count Indictment against

19   Defendant Robert McKany.  Count 3 of the Indictment alleged as follows:

20          On or about and between July 19, 2011, and July 26, 2011, within the
            Southern District of California, defendant ROBERT KHETHER
21          MCKANY did knowingly receive visual depictions, that is digital and
            computer images, to wit: "(Pthc) Dad & 8 yo Daughter Canadian in
22          Webcam.avi", using any means or facility of interstate and foreign
            commerce, and which contains materials which have been mailed, shipped
23          and transported in interstate and foreign commerce, by any means
            including by computer, the production of which involved the use of a
24          minor engaged in sexually explicit conduct, as defined in Title 18, United
            States Code, Section 2256(2), and which visual depictions were of such
25          conduct, in violation of Title 18, United States Code, Section 2252(a)(2).

26   (ECF No. 1 at 3).  Count 5 of the Indictment alleged as follows:

27          On or about November 2, 2011, within the Southern District of California,
            defendant ROBERT KHETHER MCKANY did knowingly possess one
28          or more matters, that is computer hard drives and computer media, to wit:
            a   Hewlett-Packard   ("HP")   Laptop   Computer,   Serial   Number

CNF047260M, containing digital and computer images which contains visual depictions that have been mailed, shipped and transported in interstate and foreign commerce, and which were produced using materials which have been mailed, shipped and transported in interstate and foreign commerce, by any means including by computer, the production of which involved the use of a minor engaged in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2), and which visual depictions were of such conduct, in violation of Title 18, United States Code, Section 2252(a)(4)(B).

*Id.* at 3-4.

On February 18, 2014, Defendant Robert McKany entered pleas of guilty to Count 3 and Count 5 of the Indictment.  In the Conditional Plea Agreement, Defendant agreed to plead guilty to Counts 3[1] and 5[2] of the Indictment and the Government agreed to dismiss at sentencing Counts 1, 2, 4, 6, and 7 of the Indictment.  The factual basis of the Conditional Plea Agreement stated in part as follows:

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each of the elements of the crime, and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed:

<u>Count 3</u>

That on or about March 2, 2011 and November 2, 2011, defendant knowingly received visual depictions of minors engaged in sexually explicit conduct from the Internet via a file-sharing program, including the file entitled "(Pthc) Dad & 8 yo Daughter Canadian in Webcam.avi", a video file that is approximately 33 minutes in length and which depicts a nude prepubescent female minor, between the ages of 7 and 10 years old, captured by what appears to be a webcam. Over the course of the 33 minutes, the prepubescent female disrobes and displays her genitals to the camera; has an adult male fondle and digitally penetrate her vagina; orally copulates an adult male; has an adult male penetrate her vagina and anus with a vibrator; and has an adult male penetrate her vagina with his penis.

Production of such visual depiction involved the use of a minor engaging in sexually explicit conduct;

Such visual depiction was of a minor engaged in sexually explicit conduct;

Defendant knew the such visual depiction was on sexually explicit conduct; and

Defendant knew that at least one of the persons engaged in sexually explicit conduct was a minor.

---

[1]The penalty for Count 3 includes a mandatory minimum 5 year sentence to 20 years imprisonment.

[2]The penalty for Count 5 includes a maximum 10 years imprisonment.

<u>Count 5</u>

That on or about November 2, 2011, defendant knowingly possessed a computer - a Hewlett-Packard ("HP") laptop computer, Serial Number CNF047260M - that contained visual depictions of minors engaged in sexually explicit conduct that he obtained from the Internet. The HP Laptop contained 181 videos and over 2,338 images containing child pornography, including an image entitled "spec2.jpg", an image that depicts a nude prepubescent female minor, between the ages of 9 and 11 years old, lying on a bed with her legs spread and her vagina exposed.

The defendant knew the visual depictions received and saved on the computer and computer media showed minors engaged in sexually explicit conduct;

The defendant knew that production of such visual depictions involved the use of a minor in sexually explicit conduct.

Defendant knew the such visual depiction was of sexually explicit conduct; and

That the visual depictions had been mailed, shipped, or transported using any means or facility of interstate and foreign commerce or produced using material(s) that had been mailed, shipped, or transported in interstate or foreign commerce, including by computer.

(ECF No. 47 at 6-7).

Sentencing is scheduled for July 30, 2014.

## CONTENTIONS OF THE PARTIES

Defendant contends that the Fifth Amendment precludes imposition of sentence on Count 3 and Count 5 because the possession of child pornography charge is a lesser included offense of the receipt of child pornography charge. Defendant asserts that the video forming the factual basis of the receipt charge was one of the 181 videos that form the basis of the possession charge. Defendant contends that the Court must vacate either the receipt or the possession charge on the grounds that the "conduct charged in the receipt count is wholly contained within the conduct charged in the possession count." (ECF No. 61 at 2). Defendant contends that the Court may legally choose to sentence him to a non mandatory minimum sentence on the possession charge and vacate the sentence on the receipt charge, subject to its reinstatement in the event of a

1   successful direct or collateral challenge.[3]

2        The Government contends that there is no double jeopardy violation in this case

3   where the factual basis for the receipt charge and the factual basis for the possession

4   charge involve separate images and conduct that took place on separate occasions.

5   <center>**APPLICABLE LAW**</center>

6        The Fifth Amendment prohibition on double jeopardy protects against being

7   punished twice for a single criminal offense.  U.S. Const. Amend. V.; *Brown v. Ohio*,

8   432 U.S. 161, 165 (1977).  When a defendant has violated two different criminal

9   statutes, the double jeopardy prohibition is implicated when both statutes prohibit the

10  same offense or when one offense is a lesser included offense of the other.  *Rutledge v.*

11  *United States*, 517 U.S. 292, 297 (1996).

12       In *United States v. Davenport*, 519 F.3d 940 (9th Cir. 2008), the Court of Appeals

13  concluded that "the offense of possessing child pornography is a lesser included offense

14  of receipt of child pornography."  *Id*. at  947.  Davenport was sentenced to two

15  concurrent 78 month terms of imprisonment for one count of receiving child

16  pornography and one count of possessing child pornography.  The Court Appeals

17  concluded that Davenport's double jeopardy protections were violated by the

18  concurrent terms for receipt and possession of child pornography because "the conduct

19  underlying both offenses is the same."  *Id*. at 942.  The Court of Appeals vacated the

20  judgment and remanded with instructions to vacate the conviction on one of the two

21  counts.  *See also United States v. Schales*, 546 F.3d 965, 977 (9th Cir. 2008) (finding

22  a double jeopardy violation "because possession of sexually explicit material is a lesser-

23  included offense of receipt and because the government has not sufficiently alleged

24  separate conduct"); *United States v. Lynn*, 636 F.3d 1127, 1157 (9th Cir. 2011) ("This

25  case is materially indistinguishable from *Schales* in that Lynn was charged 'with receipt

26  of the material by way of downloading it from the internet onto his computer and

27

28       [3]This Court does not find that the Defendant breached the plea agreement in this case by making this sentencing argument.

1    possession of this material in the same medium.'" ) citing *Schales* 546 F.3d at 980.

2    *Compare, United States v. Overton*, 573 F.3d 679, 696 (9th Cir. 2009) (finding no

3    double jeopardy violation where the "record...is sufficiently developed and we are able

4    to definitely conclude that Overton's receipt and possession convictions arose from

5    separate misdeeds").

6         In *United States v. Teague*, 722 F.3d 1187 (9th Cir. 2013), the Court of Appeals

7    again addressed facts in which the defendant had been convicted and sentenced for both

8    receipt and possession of child pornography.  The Court explained:  "Because

9    possession is a lesser included offense of receipt, the convictions violate the Fifth

10   Amendment's Double Jeopardy Clause if they were based on the same conduct.  On the

11   other hand, where separate conduct supports each offense, the Fifth Amendment's

12   Double Jeopardy clause is not implicated."  *Id*. at 1189 (citations and quotations

13   omitted).

14                              **RULING OF THE COURT**

15        In this case, factual basis in the plea agreement provides a definitive basis for the

16   Court to determine whether the receipt conviction and the possession conviction are

17   based upon separate conduct which would not implicate the double jeopardy clause or

18   based upon the same conduct which would implicate the double jeopardy clause.  The

19   conduct forming the factual basis of the Count 3, the receipt count, is the receipt of a

20   specific, identified video from the Internet via a file sharing program between March

21   2, 2011 and November 2, 2011.  The conduct forming the factual basis of the Count 5

22   is the possession of a HP Laptop Computer that contained 181 videos, one of which was

23   the video in the receipt charge on November 2, 2011, and over 2,338 images containing

24   child pornography.

25        The Court concludes that the indictment and the factual basis for the plea to

26   Count 3 and Count 5 rely upon distinct conduct underlying each charge.  Count 3, the

27   receipt count, is based upon the receipt from the Internet via file sharing program of one

28   video entitled "(Pthc) Dad & 8 yo Daughter Canadian in Webcam.avi", containing child

1  pornography.  The factual admissions in the plea agreement and the plea of guilty are

2  adequate to support this charge and there is no basis for this court to vacate the receipt

3  charge.

4      The factual basis for the possession charge in Count 5 is the possession of a

5  computer-a Hewlett-Packard laptop computer-that contained 181 videos and over 2,338

6  images containing child pornography, including an image entitled "spec2.jpg" supports

7  the charge.  The HP computer contains 180 videos and over 2,338 images containing

8  child pornography, including an image entitled "spec2.jpg", which have no overlap to

9  the receipt charge.  Under the facts of this case, there is no double jeopardy violation

10 because the Defendant was not convicted for the same offense under two separate

11 counts.  Count 3 and Count 5 are not based upon the same conduct.  Each count in this

12 case is supported by separate and distinct conduct which forms the basis for the

13 conviction. *Teague*, 722 F.3d at 189 ("Because possession is a lesser included offense

14 of receipt, the convictions violate the Fifth Amendment's Double Jeopardy Clause if

15 they were based on the same conduct.  On the other hand, where separate conduct

16 supports each offense, the Fifth Amendment's Double Jeopardy clause is not

17 implicated."); *Overton*, 573 F.3d at 695 ("[W]here separate conduct supports each

18 offense, the Fifth Amendment's Double Jeopardy Clause in not implicated." ).

19      IT IS HEREBY ORDERED that Defendant's request for the Court to vacate one

20 of his two convictions prior to sentencing (ECF No. 53 at 15) is denied.

21 DATED:  July 11, 2014

22

23      **WILLIAM Q. HAYES**
    United States District Judge

24

25

26

27

28

- 6 -                13CR668 WQH