# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 13CR668 WQH |
| Plaintiff, | ORDER |
| vs. | |
| ROBERT MCKANY, | |
| Defendant. | |

HAYES, Judge:

The matter before the Court is the motion for bail pending appeal filed by Defendant Robert McKany. (ECF No. 88)

## BACKGROUND FACTS

On February 20, 2013, the grand jury returned a seven count Indictment charging Defendant with distribution, and receipt of images of minors engaged in sexually explicit conduct, and possession of materials containing images of minors engaged in sexually explicit conduct.

On December 4, 2013, this Court entered an order denying the motion to suppress statements and the motion to suppress evidence filed by the Defendant. (ECF No. 43).

On February 18, 2014, Defendant entered pleas of guilty to Count 3 receipt of images of minors engaged in sexually explicit conduct and Count 5 possession of matters containing images of minors engaged in sexually explicit conduct. In the Conditional Plea Agreement, Defendant agreed to plead guilty to Count 3 and Count 5 of the Indictment and the Government agreed to dismiss the remaining counts of the

Indictment at sentencing. The Conditional Plea Agreement provides that Defendant waived the right to appeal or collaterally attack his conviction, "except (1) a post-conviction collateral attack based upon a claim of ineffective assistance of counsel; (2) an appeal of the Court's order (Docket No. 43) ... in which the Court denied defendant's motion to suppress; or (3) a custodial sentence above the high end of the guideline range recommended by the Government pursuant to this agreement at the time of sentencing." (ECF No. 47 at 15).

On July 11, 2014, the Court entered an order denying the request for the Court to vacate one of his two convictions prior to sentencing filed by Defendant. (ECF No. 63). The parties further agreed that Defendant has the right to appeal this order.

On October 17, 2014, this Court entered judgment sentencing Defendant to serve a seventy-two month term of imprisonment in the custody of the United States Bureau of Prisons on each count, concurrently. (ECF No. 84 at 2). Upon his release, the Judgment provides that Defendant is placed on supervised release for a term of 8 years on each count, concurrently. *Id.* at 3.

On October 22, 2014, Defendant filed Notice of Appeal from the final judgment. (ECF No. 85).

On October 24, 2014, Defendant filed a motion for bail pending appeal. (ECF No. 88). The Government opposes the motion for release pending appeal.

**APPLICABLE LAW**

18 U.S.C. § 3143 states in relevant part:

(b) Release or detention pending appeal by the defendant.--(1) Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds–

(A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and

(B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in--

(i) reversal,

> (ii) an order for a new trial,
> (iii) a sentence that does not include a term of imprisonment, or
> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.
>
> If the judicial officer makes such findings, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c) of this title, except that in the circumstance described in subparagraph (B)(iv) of this paragraph, the judicial officer shall order the detention terminated at the expiration of the likely reduced sentence.

18 U.S.C. § 3143(b).

In *United States v. Handy*, 761 F.2d 1279 (9th Cir. 1985), the Court of Appeals for the Ninth Circuit explained "that the word 'substantial' defines the level of merit required in the question raised on appeal, while the phrase 'likely to result in the reversal' defines the type of question that must be presented." *Id.* at 1281. The Court of Appeals concluded "that a substantial question is one that is fairly debatable, or fairly doubtful. In short, a substantial question is one of more substance than would be necessary to a finding that it was not frivolous." *Id.* at 1283 (internal citations and quotation omitted).

## RULING OF THE COURT

The Court finds by clear and convincing evidence that Defendant is not likely to flee and does not pose a danger to the community if released on bail pending appeal. Defendant has no criminal history, a consistent record of employment, and strong ties to the San Diego area. Defendant has made all of his appearances and complied with all pretrial supervision conditions since his release on bond in February 2013.

The Court finds that the appeal is not for purposes of delay and presents a substantial question of law or fact that is fairly debatable. The Court concludes that the motion to suppress statements filed by the Defendant raises a substantial question of law or fact "of more substance than would be necessary to a finding that it was not frivolous." *Handy*, 761 F.2d at 1283. If Defendant is successful on this issue or any other issue reserved for appeal, Defendant will have the right to withdraw his plea and proceed to trial. The Court finds that the requirements for bail pending appeal pursuant to 18 U.S.C. § 3143(b) have been met.

1  IT IS HEREBY ORDERED that the motion for bail pending appeal (ECF No. 88)
2  filed by Defendant Robert McKany is granted. Defendant is ordered released on bond
3  pending appeal in the amount of $500,000.00. The bond shall be fully secured by the
4  cash amount of $75,000.00 currently on deposit, and the addition of cash or property
5  having equity of at least $425,000.00. Further conditions of the bond are referred to the
6  Magistrate Judge. Upon the posting of the bond, the surrender date in the Judgment is
7  vacated. If no bond is posted, the Defendant shall surrender as ordered in the Judgment.
8  DATED: November 12, 2014

*[Signature: William Q. Hayes]*

**WILLIAM Q. HAYES**
United States District Judge